Merle Joy Turchik
Arizona Bar No. 011130
**TURCHIK LAW FIRM, P.C.**
2205 E. Speedway Blvd.
Tucson, AZ 85719
(520) 882-7070
merle@turchiklawfirm.com

Peter J. Bober
*Pro Hac Vice Counsel*
**BOBER & BOBER, P.A.**
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
(954) 922-2298
peter@boberlaw.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Lindsey, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>1725 A AVE, LLC, an Arizona limited liability company, Extended Stay Douglas, LLC, an Arizona limited liability company, John D. Quense and Christina M. Quense, husband and wife.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR STATUTORY VIOLATIONS AND DEMAND FOR JURY TRIAL**<br><br>**Fair Labor Standards Act**<br>**29 U.S.C. § 201** *et seq.*<br><br>**Ariz. Min. Wage Act, ARIZ. REV. STAT. ANN. § 23-362,** *et seq.*<br><br>**Arizona Wage Act, ARIZ REV. STAT. ANN § 23-350,** *et seq.* |

Plaintiff Amanda Lindsey ("Lindsey") brings this action against Defendants 1725 A AVE, LLC, Extended Stay Douglas, LLC, John D. Quense and Christina M. Quense and alleges as follows:

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   NATURE OF ACTION

1. This action alleges that Defendants failed to pay Lindsey overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,; failed to pay Lindsey minimum wages in violation of the Arizona Minimum Wage Act ("AMWA"), A.R.S. §23-362 *et seq.*,; and failed to pay Lindsey wages in accordance with the Arizona Wage Act ("AWA"),  A.R.S. §23-350 *et seq.*. This action also alleges that Defendants violated the respective retaliation provisions under the FLSA, 29 U.S.C. § 215(a) and the AMWA, A.R.S. §23-364(B), when they threatened, punished, evicted and discharged Lindsey for exercising her rights to overtime and minimum wages.

## II.   PARTIES

2. Plaintiff Lindsey is a resident of, and domiciled in, Cochise County, AZ.

3. At all relevant times, Lindsey was an "employee" of Defendants as defined under 29 U.S.C. §203(e)(1); A.R.S. § 23-362(A); and A.R.S. § 23-350.

4. At all relevant times, Defendant 1725 A AVE, LLC is a licensed Arizona limited liability company operating and conducting business as a motel in Cochise County, AZ. Its principal place of business is located at 1725 A Avenue, #1439, Douglas, AZ 85607.

5. Defendant, John D. Quense, is the registered statutory agent for Defendant, 1725 A AVE, LLC.

6. At all relevant times, Defendant Extended Stay Douglas, LLC, is a licensed Arizona limited liability company operating and conducting business as a motel in Cochise

2

County, AZ. Its principal place of business is located at 1725 A Avenue, #1439, Douglas, AZ 85607.

7. Defendant John D. Quense and Defendant Christina M. Quense are husband and wife, and upon information and belief, are residents of, and domiciled in, Maricopa County, AZ.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.

8. At all relevant times, Defendants, John D. Quense and Christina M. Quense operated 1725 A AVE, LLC and Extended Stay Douglas, LLC.

9. Defendant 1725 A AVE, LLC is a covered employer and enterprise subject to the FLSA because it is involved in interstate commerce and, upon information and belief, generates annual revenue in excess of $500,000.

10. Defendant Extended Stay Douglas is a covered employer and enterprise subject to the FLSA because it is involved in interstate commerce and, upon information and belief, generates annual revenue in excess of $500,000.

11. During the relevant time period as set forth herein, Defendants 1725 A AVE, LLC and Extended Stay Douglas, LLC, were joint employers of Lindsey.

12. During the relevant period, Plaintiff was an employee of Defendants covered by the provisions and protections contained in the FLSA and in Arizona minimum wage and wage statutes.

13. Throughout the relevant time period, Defendant John D. Quense was the operator and manager of 1725 A AVE, LLC and Extended Stay Douglas, LLC, respectively, and was a decisionmaker regarding hours worked and wages paid to Lindsey.

14. Throughout the relevant time period, Defendant Christina M. Quense was the operator and manager of 1725 A AVE, LLC and Extended Stay Douglas, LLC, respectively, and was a decisionmaker regarding hours worked and wages paid to Lindsey

15. At all relevant times Defendants 1725 A AVE, LLC, Extended Stay Douglas, LLC, John Quense and Christina M. Quense were "employers" within the meaning of 29 U.S.C. §203(d); A.R.S. § 23-362(B); and A.R.S. § 23-350.

16. Lindsey is entitled to the protections of the FLSA as she was "individually covered" by that statute.  During her employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis.

17. Lindsey also used instrumentalities of interstate commerce (telephone, broadband) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to motel guests residing out-of-state, and taking out of state reservations.

18.  In addition, on a regular and recurrent basis, Lindsey processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the State of Arizona.

19. Also, the Defendants paid Lindsey using a "cash app" which required the use of instrumentalities of interstate commerce (broadband/internet).

### III.   JURISDICTION AND VENUE

20. This Court has original subject-matter jurisdiction over Lindsey's federal overtime, minimum wage and retaliation claims under 28 U.S.C. § 1331 and 29 U.S.C. § 201 because this civil action arises under the Constitution and laws of the United States. This Court also has supplemental jurisdiction over Lindsey's AMWA, AWA, and Arizona retaliation claims because these claims "are so related to claims" over which original jurisdiction lies "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

21. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(ii) because Defendants acts giving rise to Lindsey's claims occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in this judicial district.

### IV.   GENERAL ALLEGATIONS

22. Lindsey worked for Defendants 1725 A AVE, LLC and Extended Stay Douglas, LLC, as an on-site property motel clerk and house keeper from about November 24, 2019 and through about March 1, 2021.

23. From about November 24, 2019 to about March 13, 2020, the Defendants paid Lindsey $200.00 per week.

24. From about March 14, 2020 to about March 1, 2021, Lindsey was supposed to be paid $212.50 per week.

25. Lindsey received no wages at all for the second bi-weekly pay period in January 2021, for about 80 hours of work.

5

26. Prior to 2021, Lindsey worked about 6 days per week, from about 8:00 a.m. to about 10:00 p.m., and also performed additional tasks (an additional four or so hours) around the Defendants' motel during the day and night.  All told, Lindsey worked about 88 hours per week, throughout her employment with the Defendants.

27. From about January 1, 2021 to March 1, 2021, Lindsey worked about 40 hours per week.

28. On about February 15, 2021, Lindsey's attorney wrote a letter to the Defendants on Lindsey's behalf, complaining about the Defendants' minimum wage and overtime violations.

29. Upon learning of the overtime and minimum wage complaints, the Defendants began retaliating against Lindsey by harassing her and the family members who were living with her.

30. On February 26, 2021, Lindsey emailed the Defendants complaining about the retaliation and harassment, and ordering that it cease and desist.

31. On or about March 1, 2021, the Defendants terminated Lindsey, evicted her from their property, and engaged in harassment against her and her family.

32. Based on the time period of Lindsey's employment and her work hours, Lindsey is owed overtime wages under the FLSA of about $17,616.00, not including liquidated damages or interest.

33. Based on the time period of Lindsey's employment and her work hours, Lindsey is owed minimum wages under the FLSA of about $27,574.00, not including liquidated damages or interest.

34. Based on the time period of Lindsey's employment and her work hours, Lindsey is owed Arizona minimum wages of about $50,440.00, not including liquidated damages or interest.

**COUNT I**
**VIOLATION OF FLSA**
**29 U.S.C. § 207 (Unpaid Overtime)**

35. Lindsey realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). Defendants are covered employers and enterprises subject to the FLSA because they are involved in interstate commerce and, upon information and belief, generate annual revenue in excess of $500,000.

37. Alternatively, Lindsey was individually engaged in interstate commerce.

38. At all relevant times, Defendants employed Ms. Lindsey in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and Defendants engaged and continue to engage in commerce by providing motel/lodging services to the general public.

39. Upon information and belief, Defendants have had annual gross revenue in excess of five hundred thousand dollars at all relevant times to this lawsuit.

40. At all relevant times, the Defendants had a policy and practice of compensating Ms. Lindsey but did not pay her overtime compensation at a rate of one and one-half

times her regular rate of pay for worked performed in excess of forty hours in a workweek.

41. Throughout the relevant time period, Defendants John D. Quense and Christina M. Quense were decision-makers regarding hours worked and wages paid to Lindsey.

42. As a direct and proximate result of Defendants' willful failure to pay Lindsey for all hours actually worked by her, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.* including 29 U.S.C. §§ 207 and 215.

43. As a direct and proximate result of Defendants' violations of the FLSA, Ms. Lindsey has suffered damages by failing to receive compensation in accordance with §207 of the FLSA and has incurred costs and reasonable attorneys' fees.

44. Defendants have not made a good faith effort to comply with the FLSA and their acts and omissions were willful and intentional because Defendants had actual knowledge that Ms. Lindsey was an employee who should have been receiving premium pay at the appropriate rate of pay for all hours worked in excess of forty in each of the weeks as alleged herein, entitling Ms. Lindsey to liquidated damages.

45. Ms. Lindsey is entitled to an award of attorney's fees under the FLSA, 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF FLSA**
**29 U.S.C. § 206 (Unpaid Minimum Wages)**

**46.** Lindsey realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

**47.** At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). Defendants are covered employers and enterprises subject to the FLSA because they are involved in interstate commerce and, upon information and belief, generate annual revenue in excess of $500,000.

**48.** At all relevant times, Defendants employed Ms. Lindsey in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and Defendants engaged and continue to engage in commerce by providing motel/lodging services to the general public.

**49.** Upon information and belief, Defendants have had annual gross revenue in excess of five hundred thousand dollars at all relevant times to this lawsuit. Alternatively, Lindsey was individually engaged in interstate commerce.

**50.** At all relevant times, the Defendants had a policy and practice of compensating Lindsey less than the federal minimum wage for worked performed in a workweek.

**51.** Throughout the relevant time period, Defendants John D. Quense and Christina M. Quense were decision-makers regarding hours worked and wages paid to Plaintiff Lindsey.

**52.** As a direct and proximate result of Defendants' willful failure to pay Lindsey for all hours actually worked by her, at a rate not less than the federal minimum wage,

Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq*. including 29 U.S.C. §§ 206 and 215.

53.  As a direct and proximate result of Defendants' violations of the FLSA, Ms. Lindsey has suffered damages by failing to receive compensation in accordance with §207 of the FLSA and has incurred costs and reasonable attorneys' fees.

54.  Defendants have not made a good faith effort to comply with the FLSA and their acts and omissions were willful and intentional because Defendants had actual and constructive knowledge that Ms. Lindsey was an employee who should have been receiving a minimum wage of at least $7.25 per hour for all hours worked in each of the weeks as alleged herein, entitling Ms. Lindsey to liquidated damages.

55.  Ms. Lindsey is entitled to an award of attorney's fees under the FLSA, 29 U.S.C. §216(b).

**COUNT III**
**VIOLATION OF ARIZONA MINIMUM WAGE ACT**
**A.R.S. §23-362 et seq. (Unpaid Minimum Wages)**

56.  Lindsey realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57.  At all relevant times, Lindsey was an "employee" and Defendants were "employers" within the meaning of, and subject to, A.R.S. § 23-362(A) and (B).

58.  A.R.S. § 23-363 requires employers to pay the Arizona minimum wage.

59.  Defendants failed to pay Ms. Lindsey the minimum wage properly due as required under Arizona law.

**60.** Defendants' acts and omissions as to Ms. Lindsey were willful and intentional because Defendants had actual knowledge that she was an employee who was not being paid minimum wage for all hours worked in each of the weeks as alleged herein.

**61.** Pursuant to A.R.S. §23-364 an employee who is not paid minimum wages owed by an employer is entitled to seek enforcement by filing a civil claim for damages.

WHEREFORE Plaintiff Lindsey seeks judgment as follows:

A. Against all Defendants for an award of unpaid minimum wage compensation and an amount equal to twice the underpaid wages, pursuant to A.R.S. § 23-364(G);

B. Against all Defendants for Lindsey's attorney's fees and costs incurred in this action pursuant to A.R.S. §23-364(G);

C. Against all Defendants for pre- and post-judgment relief;

D. For all other relief against all Defendants as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF ARIZONA WAGE ACT**
**A.R.S. §23-355 (Failure to Timely Pay Wages)**

**62.** Lindsey realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

**63.** At all relevant times, Ms. Lindsey was an employee and Defendants were employers within the meaning of, and subject to, A.R.S. § 23-350.

**64.** A.R.S. § 23-351 requires employers to "designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the

11

employees" and to pay "all wages due the employee up to such date" on such paydays.

65. A.R.S. § 23-351(3) provides that "overtime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

66. Under A.R.S. §23-353, upon termination, an employer must pay all outstanding wages in full within seven working days or the end of the next regular pay period, whichever is sooner.

67. Defendants failed to pay Lindsey all wages properly due as required under Arizona law.

68. Defendants' acts and omissions as to Lindsey were willful and intentional because Defendants had actual and constructive knowledge that she was an employee who was not being timely paid for all overtime and minimum wage hours worked in each of the weeks as alleged herein.

69. Pursuant to A.R.S. §23-355 an employee who is not timely paid wages owed by an employer is entitled to treble the amount of unpaid wages.

WHEREFORE Plaintiff Lindsey seeks judgment as follows:

A. Against all Defendants for an award of treble the amount of unpaid wages due Lindsey since November 24, 2019 under A.R.S. § 23-355;

B. Against all Defendants for Lindsey's attorney's fees and costs incurred in this action;

C. Against all Defendants for pre- and post-judgment relief;

D. For all other relief against all Defendants as the Court deems just and proper.

## COUNT V

### Retaliation Under the FLSA
### 29 U.S.C. § 215(a)(3)

70. Lindsey realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

71. At all relevant times, Defendants employed Lindsey at their business to further their activities.

72. On about February 15, 2021, Lindsey, through her attorney, Peter Bober, sent Defendants a letter—addressed to John D. Quense, Christina M. Quense, 1725 A Ave LLC, and Extended Stay Douglas, LLC, respectively—that set forth the basis for her legal entitlement to unpaid overtime wages and minimum wages. The letter also offered to settle these claims.

73. Upon receipt of Lindsey's February 15, 2021 letter, the Defendants began unlawfully harassing and discriminating against the Lindsey and her family, who were living with Lindsey on the Defendants' property.

74. On February 26, 2021, Lindsey emailed the Defendants John D. Quense and Christina M. Quense, complaining about the retaliation and harassment, and ordering that it cease and desist.

75. On March 1, 2021, Defendant, John D. Quense, emailed Lindsey (sending a copy to Christina M. Quense) and advised her that her job was terminated and she would need to vacate the Defendants' property.

76. Defendants threatened, intimidated, and eventually discharged Lindsey after she raised her right to overtime and minimum wage pay under the FLSA and/or Arizona

law, and in so doing, Defendants violated the FLSA prohibition against retaliation. 29 U.S.C. § 215(a)(3).

77. Lindsey is entitled to any "legal or equitable relief," including, but not limited to, "the payment of wages lost and an additional equal amount as liquidated damages," damages for emotional distress, embarrassment and humiliation, and to further the purposes of the retaliation provision of the FLSA. 29 U.S.C. § 216(b).

78. Further, Lindsey incurred costs and attorneys' fees to which she is entitled reimbursement as a direct and proximate result of Defendants' violations of the FLSA. *See* 29 U.S.C. § 216(b).

<u>COUNT VI</u>

**Retaliation Under A.R.S. §23-364(B)**

79. Lindsey realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

80. On about February 15, 2021, Lindsey, through her attorney, Peter Bober, sent Defendants a letter—addressed to John D. Quense, Christina M. Quense, 1725 A Ave LLC, and Extended Stay Douglass, LLC, respectively—that set out the basis for her legal entitlement to unpaid overtime wages and minimum wages. The letter also offered to settle these claims.

81. Upon receipt of Lindsey's February 15, 2021 letter, the Defendants began unlawfully harassing and discriminating against the Lindsey and her family, who were living with Lindsey on the Defendants' property.

**82.** On February 26, 2021, Lindsey emailed the Defendants complaining about the retaliation and harassment, and ordering that it cease and desist.

**83.** On March 1, 2021, the Defendants emailed Lindsey and advised her that her job was terminated and she would need to vacate the Defendants' property.

**84.** Defendants threatened, intimidated, and eventually, discharged Lindsey, less than ninety days after she raised her right to overtime and minimum wage pay under the FLSA and/or Arizona law, and in so doing, Defendants violated the AMWA prohibition against retaliation. A.R.S. § 23-364(B).

**85.** Lindsey is entitled to "an amount of not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final." A.R.S. § 23-364(G).

**86.** Further, Lindsey is also entitled to "any other appropriate legal or equitable relief for violations of this article." A.R.S. § 23-364(G).

**87.** Lindsey incurred costs and attorneys' fees to which she is entitled reimbursement as a direct and proximate result of Defendants' violations pursuant to A.R.S. § 23-364(G).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE Plaintiff Amanda Lindsey requests that the Court enter judgment against all Defendants for the following:

**A.** An award of unpaid overtime compensation and an equal amount in liquidated damages since about November 24, 2019 pursuant to 29 U.S.C. § 216(b);

**B.** An award of unpaid FLSA minimum wages compensation and an equal amount in liquidated damages since about November 24, 2019 pursuant to 29 U.S.C. § 216(b);

15

**C.** An award of unpaid Arizona minimum wages compensation since about November 24, 2019 and an amount of twice that amount pursuant to A.R.S. §23-364(G);

**D.** An award appropriate to compensate for retaliation under 29 U.S.C. § 215 and under A.R.S. §23-364(G).

**E.** An award of monetary relief sufficient to compensate for the retaliation and to deter future violations at a minimum rate of one hundred fifty dollars for each day that the violation continues or until judgment is final as required under A.R.S. § 23-364(G);

**F.** An award of prejudgment interest at the highest legal rate;

**G.** An award of monetary relief that represents Lindsey's share of FICA, FUTA, Arizona unemployment insurance, and any other required employment taxes;

**H.** An award of monetary relief to compensate for any late filing penalties, interest, and other additional liabilities Lindsey might incur;

**I.** Lindsey's costs and attorneys' fees as permitted under 29 U.S.C. § 216(b) and A.R.S. § 23-364(G).

**J.** Any other relief against Defendants as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Amanda Lindsey demands a jury trial on all causes of action and claims for which there exists a right to trial by jury.

DATED this <u>12th</u> day of April,  2021.


TURCHIK LAW FIRM, P.C.

<u>/s/ Merle Joy Turchik</u>
Merle Joy Turchik