Merle Joy Turchik
Arizona Bar No. 011130
**TURCHIK LAW FIRM, P.C.**
2205 E. Speedway Blvd.
Tucson, AZ 85719
(520) 882-7070
merle@turchiklawfirm.com

Peter J. Bober
*Pro Hac Vice Counsel*
**BOBER & BOBER, P.A.**
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
peter@boberlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Lindsey, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>1725 A AVE, LLC, an Arizona limited liability company, John D. Quense and Christina M. Quense, husband and wife.<br><br>Defendants. | Case No. CV-21-000161-TUC-DCB<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**Honorable David C. Bury** |

Pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure and this Court's Order setting Rule 16 Scheduling Conference, counsel for Plaintiff and Defendant met and conferred and submit the following proposed Joint Case Management Plan for the Court's consideration at the Scheduling Conference set for August 31, 2021 at 10:00 a.m.

**1.    The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiffs' claims and Defendants' defenses**;

**Plaintiff:**

The Plaintiff worked as the on-site property motel clerk and housekeeper at Defendants' motel in Douglas, Arizona commencing on about November 24, 2019, until approximately March 1, 2021. Due to the significant hours worked by the Plaintiff, and the low amount of wages paid each week, the Plaintiff was effectively paid below the minimum wage. In addition, the Plaintiff worked hours in excess of 40 per week but was not paid at the rate of time-and-one-half.

On February 15, 2021, the Plaintiff, through her legal counsel, sent a letter to the Defendants with respect to the unpaid minimum wage and overtime claims. Upon receipt of the letter, the Defendants began engaging in retaliatory conduct, and ultimately, evicted the Plaintiff. Plaintiff asserts Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, the Arizona Minimum Wage Act, A.R.S. §§ 23-362 *et seq* and the Arizona Wage Act, A.R.S. §§ 23-350 *et seq.* Plaintiff seeks to recover unpaid overtime wages and unpaid straight time wages. In addition, Plaintiff seeks to recover liquidated damages, treble damages, and attorneys' fees and costs to the fullest extent of the applicable laws.

**Defendants:**

Plaintiff alleges that Defendants violated the FLSA, the Arizona Minimum Wage Act, and the Arizona Wage Act and retaliated against her after her attorneys notified Defendants about the claims.

Plaintiff was employed as an on-site property manager at the Extended Stay Douglas motel owned by Defendants from November 2019 until she was laid off on January 26, 2021. She was given a credit against her wages to cover the cost of her lodging and was paid an additional monthly stipend. Plaintiff did not pay any additional rent. When factoring in the cost of her lodging, Plaintiff was compensated well above minimum wage.

Plaintiff agreed to work 40 hours per week, and Defendants deny that she ever

worked in excess of 40 hours in any given week. Testimony will establish that Plaintiff often worked fewer than 40 hours per week.

Plaintiff allowed at least one motel guest to pay for her room in cash, which is against policy. Plaintiff then kept the cash. Plaintiff also diverted payments intended for other workers and kept them for herself.

In December 2020, there was a fire at the motel that resulted in significant damage and shut down the motel's operations. The last guest checked out on January 11, 2021. Because the motel was closed—and therefore there was no work for Plaintiff to perform—Defendants laid off Plaintiff effective January 26, 2021. Plaintiff and her husband, however, refused to vacate the property, in violation of their limited license to be on the property in connection with Plaintiff's employment.

On February 9, 2021, Plaintiff's husband sent a threatening email to Defendants John and Christina Quense, which prompted Christina to file a restraining order against him. Thereafter, Defendants received a letter from Plaintiff's counsel alleging minimum wage and overtime claims. Because Plaintiff continued to refuse to leave the premises and had trashed the property, Defendants had to resort to eviction proceedings.

**2.    The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;**

**Plaintiff:**

The following factual issues are in dispute: (i) whether Plaintiff worked "off-the-clock"; (ii) whether Defendants had knowledge that Plaintiff worked "off-the-clock"; (iii) whether Defendants had knowledge of the FLSA and A.R.S. Statutes §§ 23-350 and 23-362 during the time of its violations of the foregoing statutes; (iv) the amount of time that Plaintiff spent working "off the clock" each work week; (v) the wages paid to Plaintiff each week; (vi) whether Defendants engaged in retaliatory conduct after receiving Plaintiff's February 15, 2021 demand letter alleging violation of minimum wages and overtime; and (vii) whether Defendants complied with the recordkeeping provisions of the FLSA.

The following legal issues are in dispute: Whether the Plaintiff's time spent working

"off-the-clock" was compensable at her straight and/or overtime rate; and (ii) whether Defendants' violations of the FLSA and A.R.S. §§ 23-350 and 23-362 were willful.

**Defendants:**

The principal factual disputes are: (1) whether Plaintiff worked in excess of 40 hours during one or more workweeks; (2) whether Defendants had knowledge of any hours Plaintiff allegedly worked in excess of 40 per week; (3) whether Defendants retaliated against Plaintiff; and (4) the amount of money Plaintiff diverted from Defendants and Defendants' other workers.

The principal legal issues are: (1) whether Defendants are employers under the FLSA and/or Arizona wage laws; (2) whether Defendants attempted in good faith to comply with the provisions of FLSA and the Arizona wage laws; (3) whether any of the parties are entitled to attorneys' fees and costs from any other party and the amount, if any; and (4) whether Defendants are entitled to an offset or credit for any monies allegedly due Plaintiff.

**3. The jurisdictional basis of the case, citing specific statutes**;

The Court has federal question jurisdiction over the subject matter and the Parties pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District.

**4. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. Unless the parties can otherwise show cause, an Order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party**;

None.

**5. The names of parties not subject to the Court's jurisdiction;**

None.

**6. Further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues of any pretrial motions contemplated:**

4

Plaintiff anticipate moving for summary judgment on Defendants' violations of the FLSA and A.R.S. §§ 23-350 and 23-362, including whether Defendants violated the foregoing laws by denying Plaintiff wages that were earned and due as well as the damages she suffered from Defendants' retaliatory actions.

Defendants may also file a motion for partial summary judgment on one or more issues depending on discovery, including liability, willfulness, and whether any of the Defendants are an "employer" as defined by the FLSA and Arizona wage laws.

**7.    Whether the case is suitable for reference to a Master, or whether the parties consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c);**

The parties do not consent to transfer this case to a United States Magistrate Judge.

**8.    The status of related cases pending before other judges of this Court or before other courts;**

The parties are not aware of any related cases pending before other courts or judges of this Court.

**9.    Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), FED.R.CIV.P.;**

The parties exchanged initial disclosures on August 23 and 24, 2021, respectively.

**10.    Suggested changes, if any, in the limitations on discovery set forth in Rule 26(b)(2), FED.R.CIV.P.;**

The parties do not believe that any changes to the discovery limitations set forth by the Fed. R. Civ. P. nor the Local Rules are presently necessary.

**11.    Proposed deadlines for:**

**(a)    completing discovery**;

March 25, 2022.

**(b)    filing dispositive motions**;

April 29, 2022.

**(c)    pretrial disclosure of witnesses and expert testimony pursuant to Rule**

5

26(a)(2) and (3), FED.R.CIV.P.;

December 3, 2021 for lay witnesses.  October 29, 2021 for experts.  November 19, 2021 for rebuttal experts.

**(d)     lodging a proposed joint pretrial order**;

60 days before trial.

**12.    Estimated date and length of trial**:

The parties anticipate they will be ready for trial by July 11, 2022.  The parties estimate the trial will last 4 days.

**13.    Whether a jury trial has been requested**:

Yes.

**14.    The prospects for settlement, including any request to have a settlement conference before another Magistrate Judge or United States District Court Judge, or other request of the Court for assistance in settlement efforts**;

The parties cannot accurately assess the prospects for settlement at this time. Plaintiff believes that this case will be suitable for reference to a Magistrate Judge for a settlement conference in the near future. The parties do not request a settlement conference or any other assistance in settlement efforts from the Court at this time.  The parties may request a settlement conference before a Magistrate Judge.

**15.    Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the complex track for case management purposes pursuant to L.R.Civ 16.2.**

The parties are not aware of any such issues at this time.

**16.    Other matters which the parties feel will aid the Court in expediting the disposition of this matter efficiently**.

None.

6

DATED this 26th day of August 2021.

**TURCHIK LAW FIRM, P.C.**

| | |
|---|---|
| /s/ Merle Joy Turchik | /s/ Merle Joy Turchik (with permission) |
| Merle Joy Turchik | James Burr Shields |
| Arizona Bar No. 011130 | Paige C. Pataky |
| | |
| **TURCHIK LAW FIRM, P.C.** | Shields Petitti, PLC |
| 2205 E. Speedway Blvd. | 5090 N. 40th Street, Suite 207 |
| Tucson, AZ 85719 | Phoenix, AZ 85018 |
| (520) 882-7070 | (602) 718-3330 |
| merle@turchiklawfirm.com | Burr@shieldspetitti.com |
| | |
| Peter J. Bober | *Attorneys for Defendants* |
| *Pro Hac Vice Counsel* | |
| **BOBER & BOBER, P.A.** | |
| 2699 Stirling Road | |
| Suite A-304 | |
| Hollywood, FL 33312 | |
| peter@boberlaw.com | |

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2021, I electronically transmitted the attached document to the following:

James Burr Shields,
Shields, Petitti, PLC
5090 N. 40th Street, Suite 207
Phoenix, AZ 85018
burr@shieldspetitti.com

By: Peter Bober